ANN MUNDO, MINOR, ETC., Plaintiff and Appellant, *v.* FÉLIX JUAN SERRALLÉS, Defendant and Appellee.

No. 12056. Decided June 29, 1962.

*Vicente Géigel Polanco* for appellant. *Orlando J. Antonsanti, Leopoldo Tormes García, Pascual Amado Rivera,* and *Guillermo Cintrón Ayuso* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, and Mr. Justice Rigau.

PER CURIAM.

A girl was born on December 16, 1952 in the city of New York and was recorded in the Vital Statistics Registry of that city under the name of Ann Serrallés. The record set forth that its parents were Félix Serrallés and Mercedes Mundo. In September 1954 the said minor, represented by its mother with patria potestas, filed in the Superior Court of Puerto Rico, San Juan Part, a complaint for declaration of paternity and support alleging that the said minor was begotten of the love relations which took place in Puerto Rico during the first four months of 1952 between the minor's mother and Félix Juan Serrallés. Félix Juan Serrallés filed simultaneously in New York an action against the minor, the minor's mother, and the Department of Health of that city denying that he was the father of the child and praying the court to issue an order to the Department of Health of New York to strike out his name as the father of the minor from the said birth registration.

All the defendants in the action in New York and also the defendant in the action in Puerto Rico were summoned personally in New York. All the defendants as well as the plaintiff in the action in New York appeared by their respec-

tive attorneys. The mother of the minor and the latter answered the complaint and prayed for dismissal thereof and for a declaration that defendant Félix Juan Serrallés was the father of the minor defendant. The issue thus joined on the main question of paternity, the trial was held on November 14-18 and 21-23, 1955 in the Supreme Court of the State of New York (which is not the court of last instance of that state) at which evidence was introduced by the parties. The case having been heard, the court concluded that Serrallés was not the father of the girl and ordered the Department of Health to strike out his name from the registration in the Vital Statistics Registry of that city. After other judicial incidents commenced by defendants, the latter appealed to the Court of Appeals of New York which dismissed the appeal on June 14, 1956 for want of prosecution.

■ After the case was decided by the New York court, Serrallés filed a petition for summary judgment in the Superior Court of San Juan alleging that plaintiff's claim in Puerto Rico was res judicata, since the same question (the determination of the paternity) litigated between the same parties had been decided in favor of defendant herein by the New York court. Plaintiff having opposed the petition for summary judgment, the Superior Court, San Juan Part, held a hearing at which the parties appeared personally and through their attorneys. On August 22, 1956 the Superior Court, through Judge Luis R. Polo, granted the petition for summary judgment and rendered judgment dismissing the complaint in this case. Plaintiff appealed to this Court.

■■ Appellant makes an elaborate assignment of errors allegedly committed by the superior court in not permitting plaintiff to challenge the New York decision on the ground of fraud and lack of jurisdiction. At the hearing held in the superior court in July 1956, appellant raised the question but did not offer evidence to that effect. Yet, the superior court had before it two legal precepts by which it was bound

to abide. One is that of res judicata—and there is not the least doubt that the same question sought to be relitigated in San Juan between the same parties had already been litigated in New York—and the other is the constitutional precept which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Section 1, Art. IV of the Constitution of the United States and also 32 L.P.R.A. § 1793. The reasons of public policy underlying the aforementioned precepts are obvious. Litigations can not be relitigated *ad infinitum*, and in a federal system which comprises so many jurisdictions, as is the case of the United States and Puerto Rico, the full faith and credit clause is necessary, otherwise the jurisprudential chaos would be intolerable. It would be easy to cite dozens of cases which uphold those two precepts, but it is unnecessary to do so.

For the reasons stated, the judgment rendered herein by the Superior Court, San Juan Part, on August 22, 1956 will be affirmed.